This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Rosemary Carrick, appeals from the judgment of the Summit County Court of Common Pleas. We affirm.
Ms. Carrick is the owner of property located at 821 Bloomfield Avenue, Summit County. On April 17, 2001, following a hearing on the matter, the Akron Housing Appeals Board ("the Board") determined that the property should be demolished. Though Ms. Carrick received notice of the hearing, she did not attend. Rather, following the decision of the Board, Ms. Carrick filed an administrative appeal in the Summit County Court of Common Pleas on May 18, 2001. On July 27, 2001, Ms. Carrick moved the court to allow additional evidence, pursuant to R.C. 2506.03. On August 3, 2001, such motion was denied. On September 17, 2001, the trial court affirmed the decision of the Board. This appeal followed.
Ms. Carrick asserts ten assignments of error. As she has consolidated her assignments of error into a single argument, we will consider them together.
 First Assignment of Error The decision of the Housing Appeals Board to uphold the decision of the Health department to raze the premises located at 821 Bloomfield Avenue, Akron, Ohio, is in violation of the property's [sic.] owners Protected Due Process Rights and The Right To Contract.
 Second Assignment of Error The Akron Health Department, by not answering the letter dated April 14th[,] 2001, which this Appellant hand delivered to a Steven Nome, a Sanitarian of the Akron Health Department, through which the Housing Appeals Board denied this Appellant her Protected Procedural Due Process Rights as stated within the 14th Amendment of the United States Constitution and Article 1, Section 16, of the Ohio Constitution.
 Third Assignment of Error This appellant was not permitted to be present in person to argue against the opposition to the final order, adjudication or decision appealed from and to do present her position, her argument and her contentions, which is a violation of O.R.C. 2506.03(2a),
[sic] Housing Appeal.
 Fourth Assignment of Error The Housing Appeals Board and the Akron Health Department erred in that the transcript does not contain a report of all the evidence admitted or proffered by the Appellant and is in violation of O.R.C. 2506.03(1); O.R.C. 2913.42; Tampering with Evidence, and also in violation of 18 U.S.C. § 1506, Obstruction of Justice. * * * The evidence is unreliable and not probative.
 Fifth Assignment of Error The Housing Appeals Board and the Akron Health Department erred in that they had assumed the Authority to proceed to order that the 821 Bloomfield Avenue Residence in Akron be razed, and also, the Board and Health Department failed to follow the Procedural Notice Requirements as set forth in ORDINANCE 150.031; a violation of this property owners [sic.] protected due process rights; whereas, Illegal procedural activities constitute a violation of the Due Process Clauses of the 4th, 5th, and 14th Amendments to the Constitution of the United States, and in violation of Article 1, Section 16 of the Constitution of Ohio.
 Sixth Assignment of Error The Housing Appeals Board erred in their decision to raze the 821 Bloomfield Avenue Property, as they were not in compliance with the Environmental Housing Code § 150.15 (D3), Unfit Dwelling or Premises, in that the property on Bloomfield was not proven to be 60% Damaged, Decayed or Deteriorated from its original value or structure.
 Seventh Assignment of Error The decision of the Housing Appeals Board to raze the Bloomfield Property is a violation of the Contract Clause of the United States Constitution, Article 1, Section 10, which states; [sic.]"No State Shall Pass Any Law Imparing [sic.] The Obligation Of Contracts", and as such there is contained in deeds these terms; "The Same Shall Be Free And Clear Of All Encumbrances Whatsoever".
 Eighth Assignment of Error The decision of the Housing Appeals Board to raze the property at 821 Bloomfield Avenue, denied this Appellant her 5th Amendment Protected Rights, by acting Under Color Of Law, which is a violation also of the 22 U.S.C. § 2241; Deprivation Of Rights Under The Color Of law and a direct violation of their required Oaths of office as per Ohio Constitution, Article XV, Section 7, including the requirement of O.R.C. Sections 3.22 and 3.23, Oath Of Office.
 Ninth Assignment of Error The decision of the Housing Appeals Board to raze the Bloomfield property did err by using information gleaned from witnesses on examination where this Appellant was not availed the same right, privilege or opportunity to cross examine these same witnesses, which is a violation of O.R.C. 2506.03 (2e), which states; Cross Examine Witnesses Purporting To Refute His Position, Arguments And Contentions" [sic.]
 Tenth Assignment of Error The Housing Appeals Board erred in allowing the Sanitarians to hang notices and signs on the residence at 821 Bloomfield Avenue, since the Notices and signs did not have any Judge's Proper Signature, no O.M.B. Number, no Printed Name, and or Cursive Name, this becomes a violation of CIVIL RULE 11, "The printed and cursive name must be the same" which refers to the Signings of Pleadings, and in violation of the Federal Rules of Civil Procedure, RULE 10(a), Name of the Party.
Ms. Carrick assigns several grounds of error to the judgment of the trial court, essentially alleging that the trial court erred in affirming the decision of the Housing Appeals Board.
App.R. 16(A)(7) provides that an appellant's brief must include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Additionally, pursuant to App.R. 12(A)(2), an appellate court may "disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."
In the present case, Ms. Carrick does not argue any of her ten assignments of error separately. Instead, she addresses them collectively and does not assert reasons in support of her contentions. Rather, as to each contention, she makes an assertion that is followed by a question, asking the court to tell her why it is so. For example, in her appellate brief, Ms. Carrick writes "[t]he so-called Elected and or Appointed Officials of Akron, Ohio have permitted themselves to operate Under Colorof Law, Without Authority, and in Degradation of the Citizen's Rights. Why?" Moreover, a large portion of Ms. Carrick's brief relates to an alleged incident that neither relates to an assignment of error nor is before this court. Consequently, as Ms. Carrick has failed to point to anything in the record to support her contentions regarding this incident, we decline to address any alleged error relating to such matters.
As Ms. Carrick has failed to argue separately any assigned error, we find that she has failed to comply with App.R. 16. Accordingly, Ms. Carrick's assignments of error are overruled. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
BAIRD, P.J., WHITMORE, J. CONCUR